# United States District Court     FILED

__MIDDLE__ DISTRICT OF __ALABAMA__     JAN 1 7 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.

CRAIG MICHAEL CANADY, SR.,
TROY COLDRIDGE WILLIAMS,
TERRENCE CORNELIUS,
DEMETRIUS J. HAWKINS

**CRIMINAL COMPLAINT**

CASE NUMBER: 2:06mj006-CSC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __January 15, 2006__, in __Montgomery__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s), (Track Statutory Language of Offense)

conspired knowingly and intentionally to possess with intent to distribute marijuana,
a Schedule I Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1) and 846__. I further state that I am a(n) __ABI Special Agent__ and that this complaint is based on the following facts:
        Official Title

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:     ☒ Yes   ☐ No

_Joe Numan_
Signature of Complainant

Sworn to before me and subscribed in my presence,

January 17, 2006                                        at     Montgomery, Alabama
Date                                                              City and State

Charles S. Coody, U. S. Magistrate Judge
Name & Title of Judicial Officer              Signature of Judicial Officer

## AFFIDAVIT

Affiant, Joe Herman, being duly sworn deposes and says:

1. He is an Alabama State Trooper, assigned as an agent for the Alabama Bureau of Investigation's Narcotics Operations Service, and detailed to the Major Investigation Team of the High Intensity Drug Trafficking Area Task Force (HIDTA), which are both located at the Investigative Operations Center in Montgomery, Alabama. Agent Herman is cross-designated and federally deputized by the United States Drug Enforcement Administration (DEA) which empowers him with authority under Title 21, United States Code. He has twenty-two years of law enforcement experience in which the past twelve have been extensively directed in narcotics investigations. The facts and information in this affidavit are based on Agent Herman's personal knowledge and the knowledge of other law enforcement officers.

2. On Sunday, January 15, 2006, at approximately 10:10pm, Alabama State Trooper Will Barnes stopped a tractor trailer traveling north bound on Interstate 85 at the 16 mile marker for a traffic violation. Trooper Barnes identified the driver of the tractor trailer as Craig Canady Sr. who was accompanied by a passenger identified as Troy Williams. Both Canady and Williams are residents of McDonough, Georgia. During the stop, Barnes sought and obtained consent to search the truck and trailer from Canady, and Trooper Andy Sutley responded to assist Trooper Barnes.

3. A search of the trailer revealed ten U-Haul packing boxes that were subsequently found to collectively contain approximately 700 pounds of marijuana. Canady and Williams were subsequently arrested and Sutley advised Canady of his rights as witnessed by Barnes. Both Canady and Williams were then transported to the Montgomery State Trooper Post for preliminary interviews.

4. At the State Trooper Post, Corporal Chris Brown advised Canady and Williams of their rights independently as witnessed by Trooper Sutley. Both Canady and Williams acknowledged understanding their rights, waived their right to remain silent and agreed to be interviewed, however would not sign their rights advisement form. In a post arrest statement, Canady told Brown that he had picked up the marijuana in Houston and was taking it to a person identified only as "Longley" who was in Atlanta, Georgia. According to Canady, when he arrived in Atlanta, Longley was to receive three boxes of marijuana, after which Canady would drive the remaining marijuana to New Jersey where Longley would again meet Canady and take possession of the remaining marijuana. Both Canady and Williams, who admitted to knowledge of the marijuana in the truck, agreed to cooperate with participating agents in furtherance of this investigation.

5. At approximately 5:55am, Agent Herman arrived at the Montgomery HIDTA office in an attempt to facilitate a controlled delivery of the marijuana to Atlanta, Georgia. Herman subsequently contacted the Atlanta DEA office, spoke with duty agent John Rapp and preparations were made to attempt to identify "Longley LNU" and others who were involved in this investigation. Through interviews of Canady and Williams it was learned that Canady rented a burgundy car for "FNU LNU" and "Longley LNU" which they would use to drive to Houston, Texas to arrange for the shipment of marijuana. During a consensually monitored telephone call between Canady and "Longley LNU," "Longley LNU" told Canady that when Canady arrived in Atlanta, "Longley LNU" would take possession of four boxes instead of the initial three, and also told Canady where to meet him, an apartment complex off of Tara Boulevard in Henry County, Georgia.

6. Georgia agents subsequently located the rental vehicle at the Arrow Woods apartment complex off of Tara Boulevard, established surveillance, and Canady at the direction of your affiant, placed another monitored telephone call to "Longley LNU." During that call, "Longley LNU" agreed to meet Canady at a restaurant near National Boulevard where he would take possession of the four boxes of marijuana. Within minutes of that call, Georgia agents observed two males matching the description of "FNU LNU" and "Longley LNU' enter the rental car and leave the apartment complex.

7. A traffic stop was conducted on the rental car and both individuals were identified and taken into custody. "Longley LNU" was identified as Terrence Cornelius, a/k/a Terry Alexander Cornelius and "FNU LNU" was identified as Demetrius J. Hawkins, who had numerous aliases' one of which was a/k/a Benjamin Little.

8. Both Cornelius and Hawkins were interviewed in Georgia by agents. According to Hawkins, he acknowledged taking Cornelius to meet Canady where they were to put the marijuana in the rental car. As stated by Cornelius, he acknowledged going to meet Canady at a restaurant to pick up marijuana, but only said that he was to pick up twenty pounds of the drug. According to agents in Atlanta, receipts from Texas were also found in the rental car that Hawkins and Cornelius occupied.

_____
Joe Herman, Agent
Alabama Bureau of Investigation

Sworn to and subscribed before me this 17th day of January 2006

_____
Charles S. Coody
United States Magistrate Judge